UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>MOUNTAIN PHOENIX LLC<br><br>    DEBTOR. | CHAPTER 11<br><br>CASE NO. 21-55870-JWC |
| MARY IDA TOWNSON,<br>UNITED STATES TRUSTEE,<br><br>    MOVANT<br>vs.<br><br>MOUNTAIN PHOENIX LLC,<br><br>    RESPONDENT | CASE NO. 21-55870-JWC |

**MOTION TO DISMISS FOR CAUSE
WITH 180-DAY BAR FROM REFILING**

Mary Ida Townson, United States Trustee for Region 21 ("United States Trustee") moves the Court for an order dismissing this third chapter 11 case filed by Mountain Phoenix, LLC ("Debtor") and barring Debtor from filing another bankruptcy case for 180 days from the date of dismissal. As cause therefore, the United States Trustee shows as follows:

*Background*

1.  Debtor is a Georgia Limited Liability Company formed on February 7, 2012.

2.  The Articles of Organization on file with the Georgia Secretary of State bear the signature of Robert Paul Duda, Manager.

3.  On February 27, 2019, Mountain Phoenix, LLC and Tradeport Atlanta, LLC ("Tradeport") entered into a lease agreement (the "Lease", as amended and modified) for the premises

located at 4345 International Parkway, Suite 150, Hapeville, Clayton County, Georgia 30354 (the "Leased Premises"). David Ross signed the lease as owner of the Debtor.

### *Debtor's First Bankruptcy*

4. Debtor commenced its first bankruptcy, case number 20-71358-jwc, by filing a voluntary petition, *pro se*, for relief under chapter 11 of the United States Bankruptcy Code[1] on November 3, 2020. Debtor's first bankruptcy petition was signed only by Rich Successful, as registered agent of the Debtor.

5. The following motions for relief from stay were filed in Debtor's first bankruptcy:

| Date | Secured Creditor | Property |
|---|---|---|
| 11/18/20 | Tradeport | Leased Premises |
| 11/19/20 | BMW Financial Services NA, LLC | Rolls Royce |
| 11/19/20 | BMW Bank of North America | Land Rover |

6. On December 3, 2020, the Court entered an order granting the United States Trustee's motion to dismiss Debtor's first bankruptcy case (Dkt. 22).

### *Debtor's Second Bankruptcy*

7. Debtor commenced its second bankruptcy, case number 20-72587-jwc, by filing a voluntary chapter 11 petition on December 11, 2020. Debtor's second bankruptcy petition was filed with assistance from counsel who eventually withdrew.

8. Debtor filed a corporate resolution authorizing Debtor's second bankruptcy was filed on December 11, 2020 (Dkt. 3). David Ross signed the corporate resolution as Managing Member.

9. The following motions for relief from stay were filed in Debtor's second bankruptcy:

| Date | Secured Creditor | Property |
|---|---|---|
| 01/05/21 | BMW Financial Services NA, LLC | Rolls Royce |
| 01/05/21 | BMW Bank of North America | Land Rover |
| 01/25/21 | Tradeport | Leased Premises |
| 02/17/21 | Ally Bank | Mercedes-Benz E-Class 2018 automobile |
| 03/17/21 | Americredit Financial Services, Inc. Dba GM Financial | 2018 Mercedes-Benz GLA250W |
| 05/04/21 | Bank of America NA | 2014 Bentley Flying Spur |

---

[1] 11 U.S.C. § 101 *et. seq*. References to "section" by word or by symbol refer to sections of the United States Bankruptcy Code.

10. On June 28, 2021, the Court entered an order granting the United States Trustee's motion to dismiss Debtor's second bankruptcy case (Dkt. 75).

### *The Present Case: Debtor's Third Bankruptcy*

11. Debtor commenced this, its third bankruptcy, by filing its chapter 11 bankruptcy petition on August 5, 2021 ("Petition").

12. On August 6, 2021, this court entered an Order requiring Debtor to cure filing deficiencies by certain deadlines, including, but not limited to, filing a corporate resolution authorizing the filing of this bankruptcy case and a list of equity security holders by August 19, 2021 (Dkt. 2). Neither have been filed.

13. The following motions for relief from stay have been filed in this bankruptcy so far:

| Date | Secured Creditor | Property |
|---|---|---|
| 08/18/21 | Americredit Financial Services, Inc. Dba GM Financial | 2018 Mercedes-Benz GLA250W |
| 08/23/21 | Tradeport | Leased Premises |

14. Pursuant to 28 U.S.C. § 586(a)(3) and (4), the United States Trustee's duties include supervising the administration of chapter 11 cases and monitoring deposits or investments under section 345 of title 11.

15. The United States Trustee conducted her initial debtor interview ("IDI") of the Debtor on August 26, 2021. In furtherance of her duties and responsibilities, the United States Trustee requires debtors to provide certain material, including, but not limited to, proof of a debtor-in-possession account and comprehensive property insurance coverage, in advance of their IDI. Debtor has failed to provide the required material.

### *Cause Exists for Dismissal*

16. Richard Successful signed the Petition in this case as owner of the Debtor; however, Mr. Successful maintained during the IDI that David Ross is owner of the Debtor.

17. "A bankruptcy case filed by someone purportedly acting on behalf of an entity, but without authority to do so as determined under state law, is improper and dismissable." *In re D & W Ltd., LLC*, 467 B.R. 427, 432 (Bankr. E.D. Mich. 2012).

18. This case should be dismissed as unauthorized by the rightful owner of the Debtor.

19. To date, Debtor has failed to provide evidence of the existence of a debtor-in-possession account, constituting cause for dismissal pursuant to 11 U.S.C. § 1112(b)(4)(H).

20. To date, Debtor has failed to provide comprehensive insurance coverage for its property. Failure to maintain appropriate insurance poses a risk to Debtor's estate and/or to the public and constitutes cause for dismissal of this case pursuant to 11 U.S.C. § 1112(b)(4)(C).

### *Dismissal With Prejudice*

21. Taken together, the following bankruptcy code sections authorize bankruptcy courts to impose limitations on future bankruptcy filings:

    a. 11 U.S.C. 11 U.S.C. § 1112(b) provides, in pertinent part, that "on request of a party in interest...the [bankruptcy] court [may] dismiss a case under this chapter [for] cause."

    b. 11 U.S.C. § 105(a) authorizes bankruptcy courts to issue orders as necessary or appropriate to carry of provisions of title 11.

    c. Unless ordered otherwise,

> … dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

11 U.S.C. § 349(a).

    d. Finally, 11. U.S.C. § 109(g), referred to in § 349(a), provides:

> Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if--
>
> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or
>
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by

section 362 of this title.

11 U.S.C. § 109(g).

22.     Thus §§105(a) and 349(a) authorize bankruptcy courts to bar debtors from refiling bankruptcy petitions for 180 days.

23.     Debtor, with its multiple cases, has willfully failed to comply with its obligations as a bankruptcy debtor in all cases filed.  Most recently, Debtor has willfully failed to comply with the Order entered August 6, 2021, in that, among other things, it has failed to file a list of equity security holders or a corporate resolution authorizing this bankruptcy filing.

24.     Dismissal alone without a bar from refiling is insufficient here.  Leaving the door open for the Debtor to file again within 180 days after dismissing this case would do little more than foster delay and reward abusive behavior.

WHEREFORE, the United States Trustee respectfully prays the Court to dismiss this case, bar Debtor from filing another bankruptcy case for 180 days from the date of dismissal and grant such other or further relief as the Court deems appropriate.

DATED:  August 31, 2021.

MARY IDA TOWNSON
UNITED STATES TRUSTEE, REGION 21

/s/ Shawna Staton
Shawna Staton
Georgia Bar No. 640220
United States Department of Justice
Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
Phone: 404-331-4437, Ext. 152
Email: *Shawna.P.Staton@usdoj.gov*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>MOUNTAIN PHOENIX LLC<br><br>      DEBTOR. | CHAPTER 11<br><br>CASE NO. 21-55870-JWC |
| MARY IDA TOWNSON,<br>UNITED STATES TRUSTEE,<br><br>      MOVANT<br>vs.<br><br>MOUNTAIN PHOENIX LLC,<br><br>      RESPONDENT | CASE NO. 21-55870-JWC |

**NOTICE OF MOTION, DEADLINE TO OBJECT,
AND FOR HEARING**

On August 31, 2021, the United States Trustee filed a motion to dismiss this case for cause. Pursuant to General Order No. 24-2018, the Court may consider this matter without further notice or a hearing if no party in interest files a response or objection within twenty- one (21) days from the date of service of this notice. If you object to the relief requested in this pleading, you must timely file your objection with the Bankruptcy Clerk at United States Bankruptcy Court, 1340 Richard Russell Federal Building, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303-3367; and serve a copy on the movant's attorney Shawna Staton, 362 Richard Russell Federal Building, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303; and any other appropriate persons by the objection deadline. The response or objection must explain your position and be actually received by the Bankruptcy Clerk within the required time.

**A hearing on the motion has been scheduled for Thursday, September 23, 2021, at**

**11:00 a.m. in Courtroom 1203, Richard Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303.** If an objection or response is timely filed and served, the hearing will proceed as scheduled. If you do not file a response or objection within the time permitted, the Court may grant the relief requested without further notice or hearing provided that an order approving the relief requested is entered at least one business day prior to the scheduled hearing. If no objection is timely filed, but no order is entered granting the relief requested at least one business day prior to the hearing, the hearing will be held at the time and place scheduled.

**Given the current public health crisis, hearings may be telephonic only. Please check the "Important Information Regarding Court Operations during COVID- 19 Outbreak" tab at the top of the GANB Website prior to hearing for instructions on whether to appear in person or by phone.**

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

DATED: August 31, 2021.

MARY IDA TOWNSON
UNITED STATES TRUSTEE, REGION 21

*/s/ Shawna Staton*
Shawna Staton
Georgia Bar No. 640220
United States Department of Justice
Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
Phone: 404-331-4437, Ext. 152
Email: *Shawna.P.Staton@usdoj.gov*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>MOUNTAIN PHOENIX LLC<br><br>    DEBTOR. | CHAPTER 11<br><br>CASE NO. 21-55870-JWC |
| MARY IDA TOWNSON,<br>UNITED STATES TRUSTEE,<br><br>    MOVANT<br>vs.<br><br>MOUNTAIN PHOENIX LLC,<br><br>    RESPONDENT | CASE NO. 21-55870-JWC |

**CERTIFICATE OF SERVICE**

**NEF service pursuant to General Order 25-2018**

   This is to certify that on August 31, 2021 I electronically filed the foregoing *United States Trustee's Motion to Dismiss for Cause* and *Notice of Motion, Deadline to Object and For Hearing* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case filing program:

   Tiffini C. Bell on behalf of Debtor Mountain Phoenix, LLC tiffini@hblawatl.com

   Craig B. Lefkoff on behalf of Creditor Americredit Financial Services, Inc. Dba GM Financial
clefkoff@lrglaw.com

   Elizabeth Bargar Rose on behalf of Creditor Tradeport Atlanta, LLC
Elizabeth@caiolarose.com, amber@caiolarose.com

                                        */s/ Shawna Staton*
                                        Georgia Bar No. 640220